**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH RINI, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> JOHN NASH, Warden, : <br> : <br> Respondent. : | Civil No. 05-2202 (RBK) <br><br> **O P I N I O N** |

**APPEARANCES:**

Joseph Rini, Pro Se
#02739-748
Federal Correctional Institution
P.O. Box 7000
Fort Dix, NJ 08640

Irene E. Dowdy, Esq.
Asst. U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608
Attorney for Respondent

**KUGLER**, District Judge

On April 26, 2005, Petitioner, confined at the Federal Correctional Institution, Fort Dix, New Jersey, submitted for filing to the Clerk of this Court a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On July 11, 2005, Respondent filed an Answer to the Petition. The Court has reviewed all documents submitted and for the following reasons will deny the instant Petition.

### BACKGROUND

On May 10, 2002, Petitioner was convicted in the United States District Court, Southern District of New York, of using a

telephone in connection with a drug felony, in violation of 21 U.S.C. § 843(b).  He was sentenced to 48 months imprisonment with one year of supervised release.  On January 5, 2004, Petitioner began participation in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP").  The RDAP was instituted in response to 18 U.S.C. § 3621, which required the BOP to provide inmates with treatment for substance abuse.  As an incentive to participate in the RDAP, the period of custody for a prisoner convicted of a nonviolent offense could be reduced for successful completion of the program.  See 18 U.S.C. § 3621(e)(2)(B).

On October 13, 2004, Petitioner was transferred to a Community Corrections Center ("CCC") to complete the program's requirements.  One condition of continuing in the program was that the participants not use drugs or alcohol.  Participants could be expelled from the program upon a finding by a Disciplinary Hearing Officer ("DHO") that they have used or possessed alcohol or drugs.

On November 9, 2004, Petitioner was given a random drug test.  On November 17, 2004, Petitioner's drug test came back positive for Butalbital.  CCC staff issued an incident report charging Petitioner with a violation for use of drugs.  However, because CCC staff assessed Petitioner as a flight risk, he was not served with the incident report until November 19, 2004, two days later, when United States Marshals were available.

That same day, an investigation into the matter was conducted. Petitioner stated that he "took advil for his headache," and that he had not written it down on his "urine sheet." The investigator determined that the prohibited act had been committed, and referred the matter to the Center Discipline Committee ("CDC") for a hearing.

Petitioner was served with a copy of the incident report, and was advised of his rights. Petitioner waived his right to have a written copy of the charges for 24 hours prior to appearing before the CDC. He also waived his right to staff representation and to call witnesses at the CDC hearing. This is evidenced by the record provided by Respondent.

The CDC hearing was conducted that day, merely 20 minutes after Petitioner was served with the incident report. Petitioner made a statement that he took medication from his girlfriend's mother for headaches. Based on Petitioner's statements and the urinalysis printout and chain of custody, the CDC found Petitioner guilty of the prohibited act. The CDC recommended loss of good conduct time and transfer to a secure facility. Petitioner was advised of these findings and his right to appeal.

On November 29, 2004, Petitioner was informed by letter that he had been removed from the RDAP, and would not receive the reduction in his period of custody, as he did not successfully complete all components of the program.

On December 17, 2004, the DHO certified that the CDC properly conducted the hearing and satisfied the requirements of due process. The DHO sanctioned Petitioner with disallowance of 40 days good conduct time, and 40 days non-vested good conduct time, as well as transfer to a secure facility. Petitioner appealed the findings and sanction to the Regional Director of the BOP, who affirmed the DHO.

Petitioner filed the instant Petition for a Writ of Habeas Corpus. He argues that he was denied due process because he was not present for the DHO hearing, could not present evidence on his own behalf, and could not seek the aid of an inmate or staff member before the DHO. He also argues that Respondent granted him 11 months off of his incarceration time due to participation in RDAP, and that to now deny him the 11 months is a violation of a protected liberty interest.

Respondent argues that Petitioner has not exhausted his administrative remedies, and that all procedural safeguards were complied with in accordance with due process.

## DISCUSSION

**A.    Standard of Review**

The petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Denied.**

The Due Process Clause of the Fourteenth Amendment provides that liberty interests of a constitutional dimension may not be rescinded without certain procedural protections. U.S. CONST. amend. XIV. In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth the requirements of due process in prison disciplinary hearings. An inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly

hazardous to institutional safety or correctional goals." <u>Wolff</u>, 418 U.S. at 563-71.  An inmate is also entitled to an inmate representative in some cases.  <u>See</u> <u>Von Kahl v. Brennan</u>, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994)(citing <u>Wolff</u>, 418 U.S. at 563-72).  Further, procedural due process is satisfied when "the findings of the prison disciplinary board are supported by some evidence in the record." <u>Superintendent v. Hill</u>, 472 U.S. 445, 454-55 (1985); <u>Young v. Kann</u>, 926 F.2d 1396, 1402-03 (3d Cir. 1991).

   This Court finds that the petitioner's right to due process was not violated.  The procedures enunciated in <u>Wolff</u>, supra, were complied with, and there was sufficient evidence to support the finding of guilt.  Petitioner was afforded a hearing, and waived a number of his rights.  <u>Wolff</u> does not mandate that Petitioner be granted two hearings- one before the CDC and one before the DHO.  The CDC hearing complied with <u>Wolff</u>, and did not deprive Petitioner of his due process rights.  The DHO reviewed and certified the CDC's findings, to ensure that Petitioner was afforded his due process rights.

   Further, Petitioner contends that the Warden "exercised its discretion to grant petitioner the 11 months off his sentence," and that "it could not be forfeited without some procedural safeguards."  He argues that the warden's exercise of discretion created a liberty interest in the eleven month reduction of his

sentence. However, even Petitioner notes that the eleven months were to be awarded "for completing the RDAP program." In this case, Petitioner did not complete the RDAP program. Rather, he was expelled from the program for drug use, and was deemed an "RDAP failure." Petitioner was informed of the consequences of drug use in the agreement he signed to participate in the RDAP. Regardless, Petitioner does not have a liberty interest in a reduction of his sentence under 18 U.S.C. § 3621. See Magnin v. Beeler, 110 F. Supp.2d 338, 340 n.2 (D.N.J. 2000).

Further, the findings of the CDC were supported by at least "some evidence" in the record, including the results of Petitioner's random drug test, and Petitioner's statement that he had taken a drug for headaches.

Therefore, Petitioner is not in custody in violation of the Constitution, laws, or treaties of the United States, as required for relief under 28 U.S.C. § 2241.

## CONCLUSION

Based upon the foregoing, the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 will be denied. An appropriate Order accompanies this Opinion.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: August 22, 2005